542 F.2d 8
 13 Fair Empl.Prac.Cas. 762,
12 Empl. Prac. Dec. P 11,193
 JERSEY CENTRAL POWER & LIGHT CO., Appellee,
v.
LOCAL UNIONS 327, 749, 1289, 1298, 1303, 1309 AND 1314 OF
the INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS et al., Appellants.
 
 No. 74-2016.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant to Third Circuit Rule 12(6)(b) Sept. 15, 1976.
 Vincent J. Apruzzese, Maurice J. Nelligan, Jr., Apruzzese & McDermott, Springfield, N.J., for appellee.
 Edward A. Cohen, Schneider, Cohen & Solomon, Jersey City, N.J., Laurence J. Cohen, Sherman, Dunn, Cohen & Leifer, Washington, D.C., for appellants.
 Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Charles L. Reischel, Lutz Alexander Prager, Washington, D.C., for the United States Equal Employment Opportunity Commission.
 Jonathan L. Goldstein, U.S. Atty., Newark, N.J., J. Stanley Pottinger, Asst. Atty. Gen., Walter W. Barnett, Cynthia L. Attwood, U.S. Dept. of Justice, Washington, D.C., for the United States Office of Federal Contract Compliance and United States General Services Administration.
 Before VAN DUSEN, HUNTER and GARTH, Circuit Judges.
 OPINION ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 PER CURIAM.
 
 
 1
 Petitions for certiorari were filed by appellee Jersey Central, 44 U.S.L.W. 3253 (U.S. September 24, 1975), and by the Equal Employment Opportunity Commission (EEOC), 44 U.S.L.W. 3111 (U.S. August 1, 1975) from the decision of this Court in Jersey Central Power & Light Co. v. Local 327, I.B.E.W., 508 F.2d 687 (3d Cir. 1975).
 
 
 2
 Jersey Central's petition was denied, --- U.S. ----, 96 S.Ct. 2215, 48 L.Ed.2d 823 (1976), but the Supreme Court granted certiorari on the EEOC's petition, and by summary disposition it vacated our judgment and remanded to this Court "for further consideration in light of Franks v. Bowman Transportation Co., Inc., 424 U.S. ---, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976)." --- U.S. ----, 96 S.Ct. 2196, 48 L.Ed.2d 812 (1976). The order vacating judgment was received by this Court on June 24, 1976.
 
 
 3
 Thereafter, in July 1976, we ordered that all parties submit briefs "discussing the effect, if any, of Franks v. Bowman Transportation Co., Inc. on the issues and procedures presented in this proceeding, including the possible remand of this case by this Court to the District Court in light of Franks, supra." We have considered the following briefs subsequently filed with this Court:[1]
 
 
 4
 (1) Brief for Appellant Unions;
 
 
 5
 (2) Brief for Defendants Office of Federal Contract Compliance and General Services Administration;
 
 
 6
 (3) Brief for Appellee EEOC on Remand;
 
 
 7
 (4) Brief of Jersey Central Power & Light Co., Appellee;
 
 
 8
 (5) Reply Brief for Appellant Unions;
 
 
 9
 (6) Reply Brief for Appellee EEOC on Remand; and
 
 
 10
 (7) Answering Brief of Jersey Central Power & Light Co., Appellee.
 
 
 11
 Having considered the Supreme Court order, its opinion in Franks v. Bowman, supra, the above briefs and the record, we conclude that parts I III-A of our 1975 opinion are not inconsistent with the Franks decision.[2] Portions of the balance of our opinion, however, are not in full accord with Franks, which requires that those identifiable individuals who were deprived of job tenure because of Title VII proscribed discrimination must be afforded such "make-whole" relief as the District Court in its discretion deems necessary. In Franks, this mandated their being granted the seniority that would have been theirs had they not suffered discrimination. On the present record, however, no victimized employees identified or otherwise are before us.[3]
 
 
 12
 In Part IV of this Court's Jersey Central opinion, 508 F.2d at 705-10, we construed § 703(h) of Title VII as sanctioning all bona fide plant-wide seniority systems. The Supreme Court in Franks, however, chose a more restrictive interpretation. See 424 U.S. at ---- - ----, 96 S.Ct. 1251. The Court held that § 703(h) is no bar to a claim raised by actual victims of post-Title VII (post-1965) discrimination for retroactive or constructive seniority.
 
 
 13
 Our previous directive requiring the district court to make findings as to the bona fides of the seniority system remains appropriate. Although the Court in Franks could prohibit layoffs of those employees who, because of discrimination, lack the seniority that would protect them, there is no proof of actual discrimination in the Jersey Central record and we do not know whether there actually are victims of discrimination who could avail themselves of relief such as the constructive seniority authorized by the Franks opinion.[4] In any event, proof of discrimination would be more appropriately presented in a proceeding where the alleged discriminatees, if any, are parties.[5]
 
 
 14
 The judgment of the district court will be vacated and the case remanded to that court for further consideration in light of Franks v. Bowman Transportation Co., Inc., supra, and the foregoing opinion.
 
 
 
 [1]
 Two copies of these briefs are being sent to the District Court with this opinion
 
 
 [2]
 Franks v. Bowman does not affect our prior construction of the collective bargaining agreement and the EEOC-Jersey Central conciliation agreement. Nor does it alter that part of our decision holding that the collective bargaining agreement's provision for layoffs in reverse order of seniority does not contravene the terms of the conciliation agreement
 
 
 [3]
 As the EEOC emphasizes, it had not "received a charge, investigated it, or attempted conciliation." Brief for Appellee EEOC on remand at 26
 
 
 [4]
 We note that footnote 6 on page 14 of the Jersey Central Power & Light brief, filed July 16, 1976, states:
 An individual not covered by the conciliation agreement is obviously not barred by that agreement from initiating a Title VII procedure, but at the time of settlement all known potential claimants identified by the EEOC were considered and dispositions were made as to them.
 
 
 [5]
 Given the peculiar procedural posture of this case, see our earlier opinion 508 F.2d at 691-94, we emphasize that in an appropriate case no actual victims of post-1965 discrimination will be precluded from seeking Franks -authorized relief by the district court's resolution of the issues here presented. Other than as may be stated herein, we express no views on any of the issues raised by the parties in their briefs on remand, leaving resolution of those issues to the district court in the first instance